**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM R. CAMPBELL, | No. 11-35992 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00252-CI |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Submitted December 4, 2012**
Seattle, Washington

Before: SCHROEDER, McKEOWN, and TALLMAN, Circuit Judges.

William Campbell appeals the district court's order affirming the Commissioner

of Social Security's denial of Campbell's application for disability insurance benefits

under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291,

and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

This court reviews de novo the district court's order upholding the Commissioner's denial of benefits. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). The disability determination will be affirmed unless it was not supported by substantial evidence or is based on a legal error. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).

The ALJ denied Campbell's claim at Step 2 of the five-step sequential evaluation to determine disability. 20 C.F.R. § 404.1520. The ALJ concluded that Campbell failed to prove that he had a disabling severe impairment before June 13, 1977, the last date Campbell was insured.

An ALJ may reject a treating physician's opinion that is "conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The medical report of Dr. Rob Neils stated that Campbell could not sustain gainful activity since his stint in the Navy due to post traumatic stress disorder. This conclusion, however, was based on Campbell's employment history, not on clinical findings or medical records of any kind. Substantial evidence supported the decision to reject Dr. Neils's diagnosis.

**AFFIRMED**.

2