**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARRIE S. KLYSE,

        Plaintiff-Appellant,

  v.

CAROLYN W. COLVIN,[**]
Commissioner of Social Security Admin.
        Defendant-Appellee.

No. 12-15660

D.C. No. 3:10-cv-05070-WHA

MEMORANDUM[*]

On Appeal from the United States District
Court for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 12, 2014 [***]
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN,
District Judge.[****]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     Carolyn W. Colvin is substituted as defendant-appellee in place of Michael J. Astrue pursuant to Fed. R. App. P. 43(c).

     [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [****]     The Honorable Lynn Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Plaintiff-Appellant Carrie Klyse appeals the district court's order affirming the denial of her application for social security disability benefits. We review de novo the district court's judgment affirming the Commissioner's decision, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and will uphold the Commissioner's final decision if the Administrative Law Judge ("ALJ") applied the correct legal standards and supported his decision with substantial evidence, *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

1. Klyse contends that the ALJ should have found her mental impairments conclusively disabling. The ALJ thoroughly considered the mental impairment listings, and Klyse fails to demonstrate that she satisfies the criteria of any particular section. Merely pointing to a diagnosis or "GAF" score will not suffice. *See Young v. Sullivan*, 911 F.2d 180, 181, 183-85 (9th Cir. 1990) (holding that mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability); Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,746, 50,764-65 (Aug. 21, 2000) (noting, in a response to public comment, that the GAF scale "does not have a direct correlation to the severity requirements in our mental disorders listings").

2. Klyse argues that the ALJ erred in evaluating the credibility of the testimony. The ALJ provided specific, cogent reasons for not fully crediting Klyse's

claims, *see Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010), including the inconsistency between some of Klyse's assertions and the medical record, her limited treatment, and her daily activities (*e.g.*, caring for three foster children, housework, gardening, and swimming), *see Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012). The ALJ considered the testimony that Klyse's children helped around the house but nevertheless found that Klyse could perform a range of sedentary work.

3.    Klyse's remaining arguments – relating to her fibromyalgia diagnosis and the vocational expert's testimony – are waived, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006), and none of the waiver exceptions applies to her case, *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (July 25, 2012), merely provides guidance for evaluating fibromyalgia in disability claims, and *Beltran v. Astrue*, 700 F.3d 386 (9th Cir. 2012), addressed whether the expert had identified a "significant number of jobs" the claimant could still perform. Neither changed the law pertinent to Klyse's claims. *See, e.g.*, *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (finding disability based on fibromyalgia); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (accepting the claimant's state as the relevant "region"); SSR 00-4p, 2000 WL 1898704 (Dec, 4, 2000), at *4 (requiring the ALJ to reconcile conflicts between the expert's testimony and the Dictionary of Occupational Titles).

**AFFIRMED**.

3