**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL ESPINOZA,

  Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

  Defendant - Appellee.

No. 13-56677

D.C. No. 2:13-cv-00357

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Charles F. Eick, Magistrate Judge, Presiding

Submitted August 4, 2015**

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

   Samuel Espinoza  appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Espinoza's applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

   \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. Espinoza alleged disability due to diabetes mellitus, high cholesterol, and degenerative disc disease of the lumbar spine. Espinoza contends that the administrative law judge ignored medical evidence that his condition was worsening. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

Substantial evidence supports the agency's denial of Espinoza's disability application. First, the ALJ provided several valid reasons for giving minimal weight to the assessments from Dr. Tepper, Espinoza's worker's compensation treating physician. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ properly discounted treating doctor's opinions that were contradicted by other assessments of the claimant's medical condition). Second, the ALJ properly gave considerable weight to the medical opinion of testifying medical expert Dr. Axline. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Third, the ALJ considered a post-operation examination and assessment of Espinoza by Dr. Silbart, and it was within the ALJ's discretion to conclude that Espinoza's post-operation condition was not disabling within the Social Security disability context. *Macri v. Chater*, 93 F.3d

540, 544 (9th Cir. 1996).  Finally, contrary to Espinoza's allegation, the agency did consider post-surgery medical evidence when the ALJ admitted Dr. Silbart's report into evidence after the hearing, and the Appeals Council considered additional evidence.  Accordingly, substantial evidence supports the ALJ's determination that Espinoza was not disabled.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Espinoza's motion to remand to consider additional medical evidence is denied.

**AFFIRMED.**