NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUNA M. RIDGLEY, | No. 14-35865 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05396-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 30, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Shauna Ridgley appeals the district court's decision affirming the

Commissioner of Social Security's denial of Ridgley's application for social

security disability insurance benefits and supplemental security income under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Ridgley argues that the ALJ erred in discounting the opinions from psychiatrist Dr. Parker and psychologists Drs. Neims, Houck, Trowbridge, and Wingate that Ridgley had marked functional limitations. The opinions of the state agency medical consultants contradicted the opinions of Drs. Parker, Neims, Houck, Trowbridge, and Wingate. The ALJ must make findings setting forth specific and legitimate reasons for rejecting the contradicted opinion of a physician that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ properly gave limited weight to Dr. Parker's opinion because the evidence showed that Ridgley was likely using heroin at the time of his evaluation. Ridgley did not disclose the drug use to Dr. Parker, and Dr. Parker's opinion did not account for the drug use. The ALJ properly discounted the opinions of Drs. Houck, Trowbridge, and Neims because Ridgley did not accurately disclose her substance use to these evaluators. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ reasonably gave very little weight to Dr. Wingate's opinion because Ridgley did not mention her ongoing heroin use. Dr. Wingate did not support her diagnosis of PTSD with any symptoms needed to satisfy the diagnostic criteria and she based her diagnosis on Ridgley's subjective

2                                                                                                      14-35865

complaints that she was socially isolated, but Ridgley's friend Ms. Simons contradicted this subjective report.

Ridgley also argues that the ALJ erred in evaluating the medical evidence regarding her physical impairments. Ridgley does not identify any error with specificity, so this Court need not address this argument. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (holding that this Court need not address arguments that were not argued with any specificity).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Ridgley's credibility regarding the debilitating effects of her symptoms: (1) she made inconsistent statements to her medical providers and in her testimony regarding her substance abuse and she exhibited drug seeking behavior; and (2) she had significant gaps in treatment for neck pain and mental health. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (finding that ALJ may consider inconsistencies in testimony in weighing a claimant's credibility) (internal citations omitted); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (relying on inconsistent statements about drug and alcohol use to reject claimant's testimony); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (listing among proper considerations for credibility assessment an inadequately explained failure to seek treatment).

14-35865

The ALJ gave germane reasons for assigning only "little weight" to the testimony of lay witnesses Barbara Safford, Dennis Ketcham and Jenny Simons. Mr. Ketchum's statement and Ms. Safford's 2004 statement did not show that Ridgley's limitations were due to her impairments and not a lack of motivation or intoxication. The ALJ properly rejected Ms. Safford's 2008 statement because she did not account for Ridgley's significant drug use, and the limitations she reported were consistent with signs of intoxication and drug use. The ALJ discounted Ms. Simons's testimony because Ms. Simons described the same limitations as Ridgley's testimony; thus, the ALJ's reasons for rejecting Ridgley's testimony "apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122.

The ALJ included in the residual functional capacity ("RFC") assessment all the limitations that were supported by, and consistent with, substantial record evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the functional limitations identified by the ALJ in the RFC for light work were supported by the medical evidence that the ALJ credited, there was no harmful error at Step 5 of the sequential evaluation process. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (explaining that the limitations included in the hypothetical propounded to a vocational expert need only be supported by substantial record evidence).

4                                                                    14-35865

The new evidence that the Appeals Council considered does not change the fact that substantial evidence supports the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1159-60, 1162-6 (9th Cir. 2012) ("When a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.")

**AFFIRMED.**