NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL W. HALL, | No. 14-35797 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01679-JLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted November 30, 2017[**]

Before:     THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Michael Hall appeals the district court's decision affirming the

Commissioner of Social Security's denial of Hall's application for Social Security

disability insurance benefits and supplemental security income under Titles II and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we reverse and remand for further proceedings.

The ALJ gave treating therapist Mr. Arnold's July 2011 opinion significant weight, finding it accurately reflected the longitudinal medical evidence. Mr. Arnold's November 2011 addendum to his July 2011 opinion, which the Appeals Council considered, was part of the record. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Mr. Arnold's November 2011 addendum to his July 2011 opinion deprives the ALJ's decision denying benefits of substantial evidence because Mr. Arnold opined in November 2011 that Hall's "bipolar disorder includes cycles of severe depression every two to three months that increase isolation severely and would cause [Hall] to miss multiple days of work." The ALJ's disability determination expressly relied on the testimony of the vocational expert, who testified that employers would tolerate one absence per month, but "typically -- if someone's going to be absent or late or leave early on a regular basis more than say once a month. That could potentially lead to termination." *See id.* at 1165 (considering additional evidence submitted to the Appeals Council that claimant was likely to miss multiple days of work per month due to mental impairments and reversing and remanding where vocational expert testified that a person who would miss that much work was unemployable).

14-35797

The ALJ gave germane reasons for discounting Mr. Arnold's September 2010 opinion. The opinion was inconsistent with treatment notes, inconsistent with Hall's activities, and relied too heavily on Hall's subjective complaints. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (holding that the ALJ must give a germane reason to reject testimony that is not from a medically acceptable source). It was harmless error for the ALJ to reject Mr. Arnold's opinion, because he is not an acceptable medical source.

The ALJ gave specific and legitimate reasons for assigning only "little weight" to Dr. Edwards's opinion. The opinion was inconsistent with Hall's mental status examination score and with the record as a whole, and Dr. Edwards relied too heavily on Hall's self-reports. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 2014) (holding that the ALJ must make findings setting forth specific and legitimate reasons in order to reject the contradicted opinion of an examining physician).

The ALJ reasonably agreed with the opinions of Dr. Fisher and Dr. Fligstein and appropriately noted that they did not have the opportunity to review subsequent treatment records that showed that Hall interacted well with providers and group members, which undermined their conclusions regarding his need for a structured work setting.

14-35797

The ALJ followed the correct legal standard by identifying sufficiently specific, clear and convincing reasons that are supported by substantial evidence in the case record for discounting Hall's credibility regarding the debilitating effects of his symptoms: (1) Hall did not comply with doctors' recommendations regarding medication; (2) his symptoms are generally stable when compliant with recommendations, as evidenced by his work during the alleged disability period; (3) he did not pursue ongoing treatment for panic attacks; (4) there were inconsistencies between his subjective complaints and activities of daily living; (5) he has high concentration and memory scores on examinations; and (6) he appears unmotivated to work. *See Molina*, 674 F.3d at 1112 (listing among proper considerations for credibility assessment an inadequately explained failure to seek or follow treatment and engagement in activities of daily living that are inconsistent with the alleged symptoms); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that credibility is undermined when disability is controlled by medication); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196–97 (9th Cir. 2004) (noting that medical records inconsistent with a claimant's allegations as a permissible reason to find claimant not credible); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming an ALJ's determination the claimant's little propensity to work "negatively affected her credibility regarding her inability to work"). The ALJ incorrectly discounted Hall's credibility for

making inconsistent statements about his sobriety, but this was harmless error because other reasons for discounting Hall's testimony adequately support the ALJ's credibility determination, and each finds ample support in the record. *Batson*, 359 F.3d at 1197 (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless).

The ALJ gave germane reasons for assigning limited weight to the testimony of Hall's mother. Her testimony was inconsistent with the overall medical record, including the treatment notes; Hall recovered from his back injury; his mental symptoms improved when he complied with his doctors' recommendations; and his mental status testing was normal. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ's assessment of the residual functional capacity ("RFC") did not include Mr. Arnold's limitation in the November 2011 addendum that Hall would miss more than one day of work per month. *Bayliss*, 427 F.3d at 1217. Because the functional limitations identified by the ALJ in the RFC for medium work were not supported by the medical evidence in the record, the sequential evaluation process should be reevaluated. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (explaining that the limitations included in the hypothetical propounded to a vocational expert needs to be supported by

14-35797

substantial record evidence).  It is not clear from the administrative record that the ALJ would be required to award benefits if the medical evidence were reevaluated with Mr. Arnold's November 2011 addendum to his July 2011 opinion.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").  Accordingly, we remand for further proceedings.

**REVERSED and REMANDED.**