**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAREL LYNN FISHER, | No. 16-35235 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05507-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted December 20, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Charel Fisher appeals the district court's decision affirming the

Commissioner of Social Security's denial of Fisher's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), and we affirm.

By failing to raise the issue before the district court, Fisher waived her challenge to the determination by the Administrative Law Judge (ALJ) that Fisher's testimony was not entirely credible. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Because credibility is not purely an issue of law, no exception applies. *Id.* (explaining that this Court can still review an issue despite failure to raise it at the district court when it is purely one of law).

The record supports the ALJ's observation that Dr. Ballard's December 2012 opinion does not indicate limitations that would last more than 12 months. This fact supports the ALJ's decision to give her opinion "little weight." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (explaining that disability requires an impairment that is expected to last at least 12 months).

The ALJ properly assigned "little weight" to Dr. Ballard's November 2013 opinion because (1) it depended upon subjective complaints not supported by physical findings and imaging studies, and (2) her diagnosis of fibromyalgia was not backed by objective clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding that the ALJ properly rejected a treating physician's opinion that was inconsistent with objective medical evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (including inadequate support by

clinical findings as a reason that the ALJ can rely upon to reject a treating physician's opinion).

Taking into account the evidence considered by the Appeals Council, substantial evidence does not support the ALJ's additional reasons for rejecting Dr. Ballard's November 2013 opinion involving the continuity of her treatment, but any error was harmless, because the ALJ provided other specific and legitimate reasons supported by substantial evidence for rejecting Dr. Ballard's opinion. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (concluding that evidence considered by the Appeals Council is part of the record that this Court must review in determining whether substantial evidence supports the ALJ's opinion); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that error is harmless when it is inconsequential to the ultimate nondisability determination).

The ALJ properly rejected the more severe limitations in Dr. Irwin's opinion based on inconsistencies with objective medical evidence of unremarkable mental status examinations. The Residual Functional Capacity (RFC) reasonably incorporated the limitations in the portions of Dr. Irwin's opinion that the ALJ credited. *See Tommasetti*, 533 F.3d at 1041 (explaining that the ALJ can properly reject a medical opinion that is inconsistent with the medical record); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming the ALJ's

assessment of the RFC based on the medical evidence).

The RFC reasonably incorporated Dr. Donahue's opinion regarding Fisher's "rumination" when experiencing pain, and that she would have some difficulty with workplace stress. *See Stubbs-Danielson*, 539 F.3d at 1174.

The ALJ properly weighed the remaining medical evidence, and substantial evidence supports the ALJ's conclusions. *See Tommasetti*, 533 F.3d at 1041 (concluding that the ALJ is responsible for resolving conflicts in the medical evidence).

While the lay witnesses each described their personal observations of Fisher, substantial evidence supports the ALJ's reasoning that their opinions regarding Fisher's specific functional limitations relied on Fisher's self-descriptions. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (reasoning that the ALJ provided a germane reason to reject lay testimony because it was substantially similar to the claimant's own subjective complaints); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (explaining that when more than one interpretation of the evidence is plausible this Court should defer to the ALJ).

The ALJ properly included in the RFC and the hypothetical to the Vocational Expert (VE) all limitations that were supported by substantial evidence. *See Stubbs-Danielson*, 539 F.3d at 1174-76 (concluding that the claimant fails to

raise a fresh issue based on the RFC and VE testimony by restating earlier

arguments about the medical evidence).

**AFFIRMED.**