NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNA M. YOUNGBLOOD, | No. 17-35268 |
| Plaintiff-Appellant, | No. 3:16-cv-05326-RJB |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 24, 2018[**]

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Donna M. Youngblood appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

### I. Nurse Virdi's, Dr. Li's, Mr. Shetler's, and Mr. Norman's Opinions

The ALJ did not err in assessing the opinions of Nurse Virdi, Dr. Li, Mr. Shetler, and Mr. Norman. Youngblood fails to identify information the ALJ should have considered, or limitations that the ALJ should have incorporated into the RFC. As a result, Youngblood has not argued the issue "specifically and distinctly" as required to invoke the Court's review. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (citations omitted).

### II. Dr. Mayers' Opinion

The ALJ did not err in evaluating Dr. Mayers' opinion. Dr. Mayers did not opine that Youngblood had any specific limitations concerning her ability to concentrate. An ALJ does not err by not incorporating a physician's opinion when the physician had not "assign[ed] any specific limitations on the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Furthermore, Dr. Mayers concluded that Youngblood showed average concentration abilities. To the extent this poses a conflict in Dr. Mayers' opinion, the ALJ reasonably resolved any conflict. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).

### III. The Consulting Doctors' Opinions

Youngblood fails to support her arguments concerning the ALJ's assessment of the consulting doctors' opinions because she fails to explain which clinical findings conflict with the consulting physicians' opinions. Youngblood fails to identify evidence from beyond January 2013 that these doctors did not review that would affect their opinions. Consequently, she has not argued the issue "specifically and distinctly" so as to invoke the Court's review. *See Indep. Towers of Wash.*, 350 F.3d at 929-30.

## IV.    Other Medical Evidence

Youngblood maintains the ALJ erred by not properly assessing the "other medical evidence." However, she simply lists various pieces of medical evidence without identifying any functional limitations the ALJ omitted in the RFC, thus failing to present a specific argument. *See id.*

## V.    Youngblood's Testimony

The ALJ provided specific, clear, and convincing reasons for discounting Youngblood's testimony regarding the extent of her symptoms and limitations, including inconsistencies between the objective medical evidence and Youngblood's testimony and conflicts between her alleged symptoms and her reported daily activities. The ALJ also cited instances where treatment and medication alleviated Youngblood's symptoms. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Warre v. Comm'r Soc. Sec. Admin.*,

3

439 F.3d 1001, 1006 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). While an ALJ may not reject a claimant's testimony based solely upon a lack of supporting medical evidence, the ALJ may consider this factor, among others. *See Bray*, 554 F.3d at 1227.

Despite Youngblood's alleged difficulties with some of her daily activities, "[e]ven where [a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of totally debilitating impairment." *Molina*, 674 F.3d at 1113. Here, the record supports the ALJ's interpretation of the evidence. Youngblood is able to do activities including cooking, cleaning, grocery shopping, taking care of her pets, crocheting, sewing, and learning new computer programs, despite her alleged difficulties with pain and concentration.

## VI. Lay Witness Testimony

The ALJ did not err by discounting the lay witness testimony from Youngblood's mother and stepfather because the lay testimony conflicted with Youngblood's daily activities. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F3d 685, 689 (9th Cir. 2009).

## VII. Residual Functional Capacity and Step Five Findings

Youngblood has not demonstrated the ALJ erred in determining her residual functional capacity ("RFC") or making the Step Five findings. Her arguments are

premised upon her unsuccessful assertions of error concerning prior steps in the sequential evaluation. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). The ALJ also did not err by failing to include in the hypothetical to the vocational expert restrictions that her attorney added when questioning the vocational expert, because the ALJ is "free to accept or reject th[o]se restrictions . . . as long as they [we]re supported by substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (citation omitted).

## VIII. New Evidence Considered by the Appeals Council

The new evidence the Appeals Council considered concerning Youngblood's sleep apnea does not render the ALJ's decision unsupported by substantial evidence. Although the new evidence includes a diagnosis of severe complex sleep apnea, the sleep study does not demonstrate Youngblood has any additional limitations attributable to her sleep apnea, because her doctor identified an effective treatment for her symptoms. Therefore, the record does not show Youngblood was "more limited than she was found to be by the ALJ."

While Youngblood asserts the Appeals Council failed to "acknowledge that this is an impairment which can reasonably be expected to cause Youngblood's sleepiness," the Council is "not required to make any particular evidentiary finding[s]," *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir.

5

2011) (citation omitted), and its decision is not subject to judicial review, *see*

*Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

**AFFIRMED.**