NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEA SAARI, | No. 17-35739 |
| Plaintiff-Appellant, | No. 6:16-cv-00567-BR |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 17, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Thea Saari appeals the district court's judgment affirming the Commissioner

of Social Security's denial of Saari's application for disability insurance benefits

and supplemental security income under Titles II and XVI of the Social Security

Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo and will reverse only if the Administrative Law Judge's (ALJ's) findings are based on legal error or are not supported by substantial evidence in the record. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We reverse and remand for payment of benefits.

The ALJ erred at Step Three by finding that Saari did not meet the requirements for Listing 12.05C for intellectual disability. The parties agree that Saari fulfilled the listing's third requirement, showing she has "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P., App. 1, 12.05C (2014). The Commissioner has forfeited any argument that Saari did not meet Listing 12.05C's first requirement, demonstrating onset of the impairment before age twenty-two, by failing to raise the argument before the district court. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

However, the ALJ erred by finding that Saari did not fulfill Listing 12.05C's second requirement, having a "valid verbal, performance, or full scale IQ of 60 through 70." *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, 12.05C (2014). The parties agree that the ALJ's reasoning that Saari lacked any IQ scores to corroborate those from Dr. Slatick's examination is no longer correct, as the additional IQ scores from Dr. Hess that Saari submitted to the Appeals Council are now part of the record. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir.

2

2012). The other reasons that the ALJ provided for rejecting Saari's IQ scores lack the requisite substantial evidentiary support. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999).

We exercise our discretion to reverse and remand for repayment of benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). The ALJ "failed to provide legally sufficient reasons for rejecting" Saari's IQ scores. *Id.* at 1100 (citation and internal quotation marks omitted). Further administrative proceedings would not serve a useful purpose because the evidence necessary to evaluate whether Saari qualifies as disabled under Listing 12.05C is in the record. *See id.* at 1105. If this evidence were credited as true, the ALJ would be required to find Saari disabled, as she meets the criteria for Listing 12.05C and a claimant who meets a listed impairment qualifies as "disabled . . . without further inquiry." *Tackett*, 180 F.3d at 1099 (citations omitted). We therefore reverse and remand for payment of benefits.

**REVERSED AND REMANDED.**