**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MINDY BREWES,
     *Plaintiff-Appellant,*

     v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,
     *Defendant-Appellee.*

No. 11-35216

D.C. No.
6:09-cv-00748-HO

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted
March 9, 2012—Portland, Oregon

Filed June 14, 2012

Before: William A. Fletcher, Raymond C. Fisher and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Jeffrey H. Baird (argued), Seattle, Washington; Alan Stuart Graf (argued), Summertown, Tennessee, for the appellant.

Dwight C. Holton, United States Attorney; Kelly A. Zusman, Assistant United States Attorney; David Morado, Regional Chief Counsel, Seattle Region X; Jordan D. Goddard (argued), Assistant Regional Counsel, Seattle, Washington, for the appellee.

## OPINION

FISHER, Circuit Judge:

Mindy Brewes appeals an order of the district court affirming the Commissioner of Social Security's final decision denying her disability benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. We must decide, among other things, whether the district court should have considered evidence Brewes did not submit to the Administrative Law Judge (ALJ) but submitted for the first time to the

Appeals Council, which accepted and considered the new evidence but declined to review the ALJ's decision.

The Commissioner contends that when the Appeals Council denies review of an ALJ's decision, evidence that was not before the ALJ is not part of the administrative record before the district court, even if that evidence was submitted to and accepted by the Appeals Council. We disagree. We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence. Considering the record as a whole, including the evidence Brewes submitted to the Appeals Council, we conclude that the Commissioner's decision is not supported by substantial evidence. We reverse and remand for an immediate award of benefits.

## Background

Brewes applied for disability benefits in June 2005. She claims that she has been disabled since February 2004 as a result of depression, bipolar disorder, anxiety and agoraphobia.[1]

The record before the ALJ catalogued Brewes' medical history from 2002 to 2007. During this period, multiple mental health specialists diagnosed Brewes with some combination of major depressive or bipolar disorder, anxiety disorder, and panic disorder with agoraphobia. In addition to her regular therapy appointments, Brewes' doctors treated her with a bat-

---

[1]Before the Commissioner, Brewes also claimed disability resulting from chronic back pain, and submitted medical records relating to a variety of physical ailments. After reviewing the evidence of Brewes' physical impairments, the ALJ found that Brewes' physical conditions did not limit her ability to perform basic work activities. Brewes does not contest this finding on appeal.

tery of psychopharmacological medications. Unfortunately, these regimens were of limited success. Brewes' providers' treatment notes show that she suffered from persistent and severe symptoms that significantly curtailed her daily activities. Brewes often slept 12 hours a day, experienced frequent panic attacks, could not accomplish household chores and rarely left the house because doing so exacerbated her anxiety and panic attacks. When she did go out, she was almost always with her husband. Over the years, Brewes' doctors assigned her Global Assessment of Function (GAF) scores that ranged from a low of 40 — indicating major functional impairment in several areas, such as work, family relations, judgment or thinking — to a high of 60, indicating moderate difficulty in social or occupational functioning. *See Diagnostic and Statistical Manual of Mental Disorders* 34 (rev. 4th ed. 2000).[2]

Brewes' hearing testimony, in February 2007, was largely consistent with the medical record. Describing her symptoms, Brewes testified,

> I have a very hard time with anxiety, constant panic attacks. When it switches from anxiety to depression, I have no will to do anything. I cry all the time. I don't even take care of myself. It's hard to even get up and just take a shower. And when I'm anxious, all I want to do is lay in a ball and try not to freak out.

Brewes explained that she relied on her husband to handle most of the household chores because she became too overwhelmed just thinking about doing them herself. Her day consisted primarily of lying in bed with the television going in the background; she also took her medication, ate and went to

---

[2]"A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

doctors appointments. She testified that she rarely left the house, and almost never on her own.

The ALJ denied Brewes' application for disability benefits. He found that she suffered from major depressive disorder, panic disorder with agoraphobia, mixed personality disorder and a history of opioid dependence, all of which qualified as "severe impairments," but concluded that Brewes' statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible." He found that Brewes retained the residual functional capacity to perform "simple one-, two-, three-step work with limited interaction with co-workers and no public interaction." Relying on the testimony of a vocational expert, the ALJ found that such work was available in the national economy for a person of Brewes' age, education and experience. He thus concluded that Brewes was not disabled and denied her application for disability benefits.

Brewes sought Appeals Council review of the ALJ's decision. She submitted additional evidence, which the Appeals Council received and made part of the record. In April 2009, the Council denied Brewes' request for review. It noted that it "considered the additional evidence [and] found that this information [did] not provide a basis for changing the Administrative Law Judge's decision." Notice of Appeals Council Action 1-2 (Apr. 27, 2009).

Brewes appealed to the district court, which affirmed the denial of benefits. Citing a concurring opinion in an unpublished decision of this court, the district court refused to consider the additional evidence that was before the Appeals Council but not before the ALJ. Brewes timely appealed. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

**Standard of Review**

We review de novo the district court's judgment upholding the Commissioner's denial of social security benefits. *See*

*Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). We must "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## Discussion

### I.

To begin, we address whether the district court should have considered the evidence that Brewes submitted for the first time to the Appeals Council. Brewes contends that although this evidence was not before the ALJ, it was properly before the district court because the Appeals Council incorporated it into the administrative record and considered it in deciding not to review the ALJ's decision. The Commissioner, in contrast, argues that the new evidence is not part of the administrative record and that the district court could consider it *only if* Brewes showed (1) that the evidence was material and (2) that she had good cause for failing to raise it before the ALJ. This question has split the circuits. *See Higginbotham v. Barnhart*, 405 F.3d 332, 335-36 (5th Cir. 2005) (discussing the circuit split).

The Social Security Act provides for federal court review of final decisions of the Commissioner. In such a proceeding, "the Commissioner . . . shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Based on "the pleadings and transcript of the record," the court hearing the case may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.*

**[1]** We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request

for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner," *id.*, and the district court reviews that decision for substantial evidence, based on the record as a whole, *see Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The question, then, "is whether the 'whole' record includes . . . evidence submitted to the Appeals Council, or just . . . evidence that was before the ALJ." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

[2] We are persuaded that the administrative record includes evidence submitted to and considered by the Appeals Council. The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *See* 20 C.F.R. § 404.970(b).[3] Claimants need not show "good cause" before submitting new evidence to the Appeals Council. *See id.*; *see also O'Dell*, 44 F.3d at 858. The Council will grant the request for review "if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence *currently of record.*" 20 C.F.R. § 404.970(b) (emphasis added). "Because the regulations require the Appeals Council to review the new evidence, this

---

[3]20 C.F.R. § 404.970(b) provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

new evidence must be treated as part of the administrative record." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).

In addition, the Commissioner's decision is not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits. *See* 20 C.F.R. §§ 404.955, 404.981; *see also Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) (holding that there is no final decision until the Appeals Council either grants or denies review); *Perez*, 77 F.3d at 44 (same); *O'Dell*, 44 F.3d at 859 (same). Thus, as a practical matter, the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is "evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g); *see also Higginbotham*, 405 F.3d at 337 ("It follows that the record before the Appeals Council constitutes part of the record upon which the final decision is based.").

**[3]** This conclusion is consistent with our own case law. In *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993), we concluded that it was appropriate to consider both the ALJ's decision and additional evidence submitted to the Appeals Council. We noted that although the Council declined to review the ALJ's decision, "it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.' " *Id.* at 1452. The same is true here. *See* Notice of Appeals Council Action 1-2 (Apr. 27, 2009) ("[W]e considered the additional evidence [and] found that this information does not provide a basis for changing the Administrative Law Judge's decision."). Following *Ramirez*, we have routinely considered evidence submitted for the first time to the Appeals Council to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence. *See, e.g.*, *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir.

2007) (noting that when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review.").

**[4]** The Commissioner urges that these decisions are not binding precedent as to this issue because whether the additional evidence was properly before the court was not litigated in these cases. He maintains that we simply assumed that the additional evidence was properly before us. Because we agree with *Ramirez*'s approach, which has been followed consistently in the published opinions of this circuit, we need not determine the precedential force of these prior decisions. Even assuming the Commissioner is correct that they are not binding, we expressly adopt the approach set forth in *Ramirez*.

**[5]** Accordingly, we hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence. *See Tackett*, 180 F.3d at 1097-98 (holding that a court reviewing the Commissioner's decision must consider the record as a whole). The district court erred when it refused to consider the new evidence that Brewes submitted to the Appeals Council and that the Council considered in denying Brewes' request for review.

## II.

**[6]** Here, when we consider the record as a whole, including Brewes' additional evidence, we conclude that the ALJ erred in denying benefits. The ALJ's disability determination

expressly relied on the testimony of the vocational expert, who testified that an individual of Brewes' age, educational background, past work experience and residual functional capacity could be a photocopying machine operator, laundry worker or janitor. Relying on this testimony, the ALJ concluded that Brewes could perform work that existed in significant numbers in the national economy and therefore she was not disabled. The vocational expert also testified, however, that if a person with Brewes' characteristics were to miss two or more days of work per month, either because she was unable to come to work or because she was unable to be productive at work, she would be unemployable.

**[7]** The additional evidence Brewes submitted to the Appeals Council was directly responsive to the vocational expert's testimony. In a joint letter, Brewes' treating psychologist, Karen Dimalanta, and her mental health nurse practitioner, Carol Stampfer, opined that "it is likely [Brewes] would miss quite a few days a month from even a simple job, as she would not be able to leave home to go to work and if she did make it to work her concentration and attention would be poor due to her symptoms." They explained Brewes' diagnoses, including bipolar disorder. They identified her many medications and reported that despite Brewes' "compliance with medications and therapy, her symptoms have decreased minimally and impair her daily activities, relationships, and ability to work." Dimalanta and Stampfer reported, based on their review of Brewes' medical records, that her symptoms had been consistent for about a decade, and they found no evidence of malingering or exaggeration.

The Commissioner argues that the Dimalanta/Stampfer letter is not material because it is inconsistent with Dimalanta's treatment notes. First, we do not agree with the Commissioner's contention that Brewes must show that the letter meets § 405(g)'s materiality standard. Section 405(g) materiality is not at issue here because that standard applies only to new evidence that is not part of the administrative record and is

presented in the first instance to the district court. *See* 42 U.S.C. § 405(g) ("The [district] court may . . . at any time order additional evidence to be taken before the Commissioner, . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). As discussed above, evidence submitted to and considered by the Appeals Council is not new but rather is part of the administrative record properly before the district court. Here, the Appeals Council accepted Brewes' proffered new evidence and made it part of the record, apparently concluding that it was material within the meaning of 20 C.F.R. § 404.970(b). *See supra* note 3. The Commissioner does not contend that the Council erred by considering this additional evidence.

Second, we see no inconsistency between the Dimalanta/Stampfer letter and Dimalanta's treatment notes. In the letter, Dimalanta and Stampfer noted that Brewes' symptoms were sometimes so severe that she was unable to attend therapy sessions but that she was "compliant with treatment" and "participated in her treatment on a consistent basis." Although the Commissioner highlights a September 2006 treatment note in which Dimalanta reported that Brewes had "not followed through on recommendations for the most part," subsequent notes reflect Brewes' engagement with her treatment and her efforts to use the coping skills and make the behavioral changes that Dimalanta suggested. Furthermore, difficulty following through on treatment recommendations is entirely consistent with Brewes' impairments. As Dimalanta noted in November 2006, Brewes "has some very difficult cognitive distortions to overcome [and] is emotionally paralyzed in regard to making progress due to the enormous [sic] questions that she is unable to answer." The Commissioner's proffered inconsistencies are simply not inconsistent.

[8] In sum, the vocational expert testified before the ALJ that the three kinds of jobs for which Brewes was qualified

would not tolerate absences of two days a month. Dimalanta and Stampfer's opinion that Brewes would likely miss multiple days each month was not contradicted in the record. Taking the entire record into account, including the Dimalanta/Stampfer letter, we hold that the Commissioner's decision denying Brewes disability benefits is not supported by substantial evidence.

## III.

"We have discretion to remand a case either for additional evidence and findings or to award benefits. We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292 (citation omitted).

**[9]** Further proceedings are not necessary here; there are no outstanding issues to be resolved. *See id.* The *complete* record shows that Brewes is likely to miss multiple days of work per month. The vocational expert testified that a person with Brewes' characteristics who would miss that much work was not employable. A finding of disability is therefore required. *See Lingenfelter*, 504 F.3d at 1041 (considering additional evidence submitted to the Appeals Council and reversing and remanding for an award of benefits where vocational expert testified that claimant's limitations would render him unemployable); *Ramirez*, 8 F.3d at 1455 (reversing and remanding for an award of benefits based on new evidence submitted to the Appeals Council).

## Conclusion

**[10]** We hold that the district court erred by not considering the evidence Brewes submitted to the Appeals Council. We reverse the Commissioner's decision and remand for a payment of benefits.

**REVERSED AND REMANDED FOR PAYMENT OF BENEFITS.**