**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM A. CARMICKLE, | No. 13-36181 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01629 MO |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 7, 2016
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and SAMMARTINO, District Judge.[**]

Plaintiff-Appellant William A. Carmickle appeals the denial of his

application for social security disability benefits.  Because the facts and procedural

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Janis L. Sammartino, United States District Judge for the Southern District of California, sitting by designation.

history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We review the district court's decision affirming the Commissioner's denial of benefits de novo. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). For the reasons stated below, we reverse.

After the Administrative Law Judge ("ALJ") denied his claim for benefits, Carmickle presented additional evidence to the Appeals Council. The Appeals Council considered the newly presented evidence but declined to review the ALJ's decision denying benefits. Under *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157, 1159–60 (9th Cir. 2012), that additional evidence became part of the administrative record. Accordingly, the district court was required to consider that evidence "in determining whether the Commissioner's decision is supported by substantial evidence." *Id.* at 1160.

The district court erred by concluding that substantial evidence supported the ALJ's decision in light of the additional evidence. In particular, the ALJ stated that "there is no evidence to support a medically determinable mental impairment." Psychologist Dr. Emil Slatick's report—which was one of four pieces of additional evidence made part of the record under *Brewes*—found that Carmickle suffered from "specific learning disorders in the area of Written

2

Expression," which at least in part explained his academic struggles and "ongoing difficulties with learning," among other cognitive impairments. Dr. Slatick concluded that these difficulties "are likely to have a persisting negative impact on his ability to perform adequately in academic, training and employment environments." In light of this report and the other evidence the Appeals Council added to the record, which the ALJ never had the opportunity to consider, we cannot conclude that substantial evidence supports the ALJ's decision.

The ALJ should have the opportunity to address the additional evidence in this case. We therefore reverse the judgment of the district court and remand with instructions to remand to the ALJ for further proceedings.

**REVERSED AND REMANDED**.