**Mejonah POLLARD, Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Acting Commissioner of Social Security, Defendant-Appellee.**

No. 15-17344

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2017 *

Filed April 19, 2017

Jesse S. Kaplan, Jesse S. Kaplan, Attorney at Law, Carmichael, CA, for Plaintiff-Appellant

Bobbie J. Montoya, Assistant U.S. Attorney, USSAC—Office of the US Attorney, Sacramento, CA, Daniel Paul Talbert, Special Assistant U.S. Attorney, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant-Appellee

Before: D.W. NELSON, TROTT, and OWENS, Circuit Judges.

MEMORANDUM **

Mejonah Pollard appeals the district court's decision affirming the Commissioner of Social Security's decision that, as an adult, she no longer was eligible for the supplemental security income ("SSI") that she had received as a child pursuant to Title XVI of the Social Security Act. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we affirm. *See Ghanim v. Colvin,* 763 F.3d 1154, 1159 (9th Cir. 2014).

After Pollard reached age eighteen, the administrative law judge ("ALJ") properly redetermined her eligibility for benefits, applying the standards for adult SSI applicants, without deference to the prior disability finding and award of child's SSI. *See* 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987(a)-(b); Social Security Ruling 11-2p § IV(E)(2).

The ALJ did not err in finding, at step three of the sequential evaluation process, that Pollard's impairment of borderline intellectual functioning did not meet Listing 12.05C or 12.05D because an examining psychologist's report and test results showed that Pollard's IQ score was above the range set forth in those adult listings. *See Kennedy v. Colvin,* 738 F.3d 1172, 1174, 1177-78 (9th Cir. 2013) (holding that a claimant cannot meet or medically equal Listing 12.05C or D if her IQ score is higher than 70). Substantial evidence supports the Commissioner's conclusion that, despite another psychologist's report submitted to the Appeals Council, Pollard's impairment was insufficiently severe to meet or equal the adult listings. *See Ghanim,* 763 F.3d at 1159; *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012) (holding that when the Appeals Council considers new evidence, it becomes part of the administrative record, and the court must consider it in reviewing the Commissioner's decision for substantial evidence). The Commissioner was not required to consider an examining psychologist's report and IQ test results obtained when Pollard was age fourteen. *See* 20

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

C.F.R. pt. 404, subpt. P, app. 1, § 112.00D10 (providing that IQ tests obtained between ages 7 and 16 are considered current for two years when the IQ is 40 or above); *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (holding that an ALJ need not consider evidence that is neither significant nor probative).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.