**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN M. KOHANSBY, | No. 14-35926 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05653-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 23, 2017[**]

Before: NELSON, TROTT, and OWENS, Circuit Judges.

Ryan Kohansby appeals the district court's decision affirming the

Commissioner of Social Security's denial of Kohansby's application for social

security disability insurance benefits and supplemental security income under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for discounting Kohansby's credibility regarding the debilitating effects of his symptoms: (1) Kohansby underreported the benefits of his treatment and made inconsistent statements to medical providers; (2) Kohansby made exaggerated or inconsistent statements with respect to why he did not pursue treatment; (3) an examining physician noted that Kohansby had exaggerated his symptoms in recent medical examinations; and (4) Kohansby made inconsistent statements reporting his limitations and his daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (listing among proper considerations for credibility assessment an inadequately explained failure to seek treatment and engagement in activities of daily living that are inconsistent with the alleged symptoms); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (explaining that evidence of a claimant's favorable response to minimal and conservative treatment undermines credibility).

The ALJ provided specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Gritzka's opinion: (1) objective findings such as MRI and x-ray reports and treatment notes support the rejection of Dr.

Gritzka's opinion that Kohansby could not perform "sedentary work"; and (2) Dr. Gritzka's opinion was not supported by Kohansby's activities. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific and legitimate reasons for doing so that are supported by substantial evidence in order to reject the contradicted opinion of an examining physician).

The ALJ properly concluded that, to the extent that Dr. Gritzka's opinion was more restrictive than the residual functional capacity (RFC), Dr. Gritzka's opinion was inconsistent with the objective medical findings of MRI and x-ray reports and Kohansby's Sea Mar Community Health Center treatment notes, which showed no significant findings or treatment recommendations. The October 2008 x-rays of Kohansby's lumbar spine were normal. The state agency consultants concluded that Kohansby could perform light work. Thus, the ALJ properly assigned little weight to Dr. Gritzka's opinion because Dr. Gritzka's opinion was inconsistent with his own objective findings and the mild to moderate imaging studies, conservative course of treatment recommended by the treating sources, and the physical findings on exam. Dr. Iuliano reviewed the same imaging studies as Dr. Gritzka and concluded that they were essentially normal. *Tommasetti*, 533 F.3d at 1041 (finding that inconsistency with other medical evidence is a specific, legitimate reason for rejecting a medical provider's opinion). Accordingly, the

ALJ provided specific and legitimate reasons for assigning little weight to Dr. Gritzka's opinion regarding Kohansby's ability to work.

The new evidence that the Appeals Council considered, Dr. Gritzka's August 2012 opinion, does not change the fact that substantial evidence supports the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.").

**AFFIRMED.**

14-35926