NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE HELEN DECARLO, | No. 19-56178 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-08126-AFM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alexander F. MacKinnon, Magistrate Judge, Presiding**

Submitted February 12, 2021***
Pasadena, California

Before:    TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Christine Helen Decarlo appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge.

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of Social Security benefits, and we must independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

First, Decarlo contends the ALJ erred in giving too little weight to the opinions of her treating physicians Drs. Zein and Kakoyannis. An ALJ may reject a treating doctor's contradicted opinion "by providing specific and legitimate reasons that are supported by substantial evidence," which can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). Here, the ALJ found that Dr. Zein's cursory statements dated December 22, 2014, and December 8, 2015, and Dr. Kakoyannis's brief statement dated December 1, 2016, were unaccompanied by clinical support other than the diagnosis of interstitial cystitis

itself and did not provide a functional assessment. These are specific and legitimate reasons to discount a treating physician's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (citation omitted)).

Dr. Zein's October 23, 2015, Residual Functional Capacity ("RFC") checklist indicated that Decarlo was incapable of even "low stress" jobs because her pain was "unabated." The ALJ found that this statement was inconsistent "with clinical records of the claimant denying pain, incontinence, urgency, and frequency." A conflict between a treating physician's medical opinion and his own notes "is a clear and convincing reason for not relying on the doctor's opinion, and therefore is also a specific and legitimate reason for rejecting it." *Id.* at 1154 (internal quotation marks and citation omitted). Decarlo urges the Court to adopt a different interpretation of the evidence, but the ALJ's finding is supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Second, Decarlo contends the ALJ erred in according too much weight to the opinion of examining physician Dr. Gerber, and failed to include Dr. Gerber's assessment regarding Decarlo's need for ready access to restroom facilities in his RFC finding. The ALJ found that Dr. Gerber's assessment "was supported by his generally benign and unremarkable examination findings" as well as Decarlo's

3

"reported ability to perform daily activities." Dr. Gerber's opinion constituted substantial evidence supporting the ALJ's decision because "it rests on his own independent examination of" Decarlo. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). And it is clear from the record that the ALJ considered Dr. Gerber's assessment regarding restroom access and factored it into the additional protective limitations he included in the RFC finding, which contemplates access to the restroom five times throughout the day when needed to accommodate Decarlo's urinary frequency.

Third, Decarlo contends the ALJ improperly discredited her symptom testimony. The ALJ reasonably relied on the lack of objective medical evidence in the record and Decarlo's ability to complete a five-month contract for full-time work during the alleged period of disability to find Decarlo's symptom allegations were not entirely credible. Together, these constitute clear and convincing reasons to discount her testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming ALJ's credibility determination based in part on fact that claimant had recently worked and was seeking other work); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (lack of medical evidence is a factor the ALJ can consider in assessing the credibility of pain testimony). Again, although Decarlo urges the Court to adopt a different interpretation of the evidence, the ALJ's credibility finding is supported by substantial evidence. *See*

4

*Orn*, 495 F.3d at 630 (ALJ's decision should be upheld where the evidence is susceptible to more than one rational interpretation).

Because Decarlo fails to identify harmful error in the ALJ's formulation of her residual functional capacity, we need not separately address at length Decarlo's remaining argument that the ALJ erred at step four by concluding she could perform her past relevant work. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Substantial evidence supports the ALJ's RFC finding as well as the ALJ's step four conclusion that relied on the RFC finding.

**AFFIRMED.**