NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESA M. HENSLEY,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.    22-15796

D.C. No. 2:20-cv-01448-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted July 20, 2023[**]
San Francisco, California

Before:  SILER,[***] WARDLAW, and M. SMITH, Circuit Judges.

Teresa M. Hensley appeals the district court's decision upholding the

Commissioner of Social Security's denial of her application for disability insurance

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. A district court's grant of summary judgment is reviewed de novo, and we will only reverse "if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We affirm.

1.     First, even if the district court erred in declining to consider Dr. Chaney's opinion, submitted for the first time to the Appeals Council, substantial evidence supports the ALJ's non-disability finding even when the opinion is considered. *See Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012) (finding that the district court erred in not considering evidence plaintiff submitted for the first time to the Appeals Council and assessing whether substantial evidence supports the ALJ's decision when the new evidence is taken into account). Dr Chaney's cursory physical assessment form states that Hensley was incapable of performing "even simple work tasks" but references no objective evidence. The "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, Dr. Chaney's notes from 2016 contradict the 2019 opinion. In 2016, Dr. Chaney noted that Hensley was in no acute distress, had normal motor strength, sensation, reflexes, psychiatric functioning, and no atrophy or spasticity. *See Bayliss v. Barnhart*, 427

2

F.3d 1211, 1216 (9th Cir. 2005) (discrepancy between doctor's opinion and her own notes supports discounting the opinion).

2.     Next, substantial evidence supports the ALJ's holding that Hensley's mental health impairments were non-severe.[1]  Although Hensley received a poor prognosis while attending counseling through the State of Texas, the ALJ found that progress notes in the record consistently showed that she "demonstrated calm and cooperative behavior, linear thought processes, adequate insight and judgment, intact memory, euthymic affect with some restriction at times, and full orientation." Also, the state agency's mental health consultants, Susan Posey, Psy.D., and Edward Beaty, Ph.D., reviewed Hensley's medical record and opined that she did not have a severe mental impairment.  The ALJ gave their opinions "good weight" because they were consistent with the medical record and Hensley's mental health showed improvement and was "not severe for at least 12 continuous months."  In addition, although  Hensley'sprovider at Focus & Rebalance, Rebecca Perthel, PA-C, stated that Hensley was "not capable of returning to work," her own statement was "not

---

[1] At step two of the ALJ's five-step disability determination, the ALJ must determine whether a "claimant has a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing § 404.1520(a)(4)(ii)).  A non-severe finding at step two will be upheld if it is supported by substantial evidence, *id.* at 687, and the substantial evidence threshold "is not high," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

entirely consistent with her own-authored progress notes . . . t.hat often reflect[ed] normal mental status examination findings."[2]

Furthermore, Hensley failed to demonstrate that her mental impairments, including PTSD, depression, and anxiety, prevented her from engaging in gainful activity. *See Degen v. Berryhill*, 725 F. App'x 550, 553 (9th Cir. 2018) (holding that claimant's work history undercut his claim that his mental impairments were severe and prevented him from engaging in gainful activity). The ALJ's holding is supported by substantial evidence.

3. Finally, clear and convincing evidence supports the ALJ's rejection of Hensley's subjective testimony regarding the severity of her symptoms. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (explaining that an ALJ's decision to disregard subjective testimony must be supported by clear and convincing evidence). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

---

[2] Furthermore, the ALJ was not even required to consider this opinion because it gave an ultimate conclusion of disability instead of objectively describing an impairment's severity. *See* § 20 C.F.R. 404.1527(d)(1)–(2) (noting that "[a] statement by a medical source that you are 'disabled' or 'unable to work'" is not a medical opinion and is instead a determination "reserved to the Commissioner"); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("The law reserves the disability determination to the Commissioner.").

After considering Hensley's alleged symptoms and reviewing the objective medical evidence, the ALJ concluded that the medical evidence was "not entirely consistent" with the claimant's allegations. The ALJ specifically pointed to progress notes showing improvement in Hensley's gait, muscle strength and reflexes; good recovery from spinal cord stimulator implantation; better control of pain; improvement following ankle surgery; positive mood and improvement working through PTSD and anxiety; and multiple instances of Hensley starting new jobs. Because the medical record contradicts Hensley's subjective testimony regarding the severity of her symptoms, this court will affirm the district court. *Id.* at 1161.

**AFFIRMED.**