NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARA L. VAZQUEZ,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-35642

D.C. No. 3:21-cv-05534-MAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted August 22, 2023**
Seattle, Washington

Before:  HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Sara L. Vazquez appeals from the district court's order affirming the Social

Security Commissioner's denial of disability benefits for the period beginning May

1, 2019.  Vazquez alleges that she was disabled due to depression, anxiety, and

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

PTSD with suicidal ideation.[1]  Vazquez argues that the Administrative Law Judge ("ALJ") erred by improperly evaluating the medical evidence, rejecting lay testimony, and providing legally insufficient reasons to reject her subjective claims.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order and reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence."  *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (citation omitted).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).  Even if the ALJ errs, we must affirm if the error was harmless.  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The ALJ provided legally sufficient reasons to reject Vazquez's subjective claims.  The ALJ contrasted Vazquez's report that she is often bedridden, with statements that Vazquez provides care for her daughter, cooks meals for her family, cleans, drives, mows the lawn, goes outside daily, gardens, takes care of

---

[1]  In concluding her opening brief, Vazquez states a medical expert is necessary "to assess the complex interlinked mental and physical impairments, and pain, and the functional limitations stemming from these combinations."  Because Vazquez makes no other mention of physical impairments and conceded before the ALJ that "the mental health seems to be the primary impairment issue here," Vazquez has forfeited any argument regarding a physical impairment.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

two puppies, and traveled to the Oregon coast and Mexico. The ALJ also noted that Vazquez's counselor found her claims of disabling mental health issues "incongruent" with her "travel and family vacations in past years." The ALJ reasonably discounted Vazquez's testimony after providing "specific, clear, and convincing reasons" why Vazquez's daily activities were inconsistent with her disability allegations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). Vazquez contends that the long list of activities is deceptive, as she does not perform all of them every day and she is able to perform them at her own pace. Nevertheless, the ALJ's alternative interpretation of Vazquez's daily activities is at least equally rational, and the reasoning is legally sufficient. *See Ford*, 950 F.3d at 1154.

Even considering Dr. Ruddell's April 2021 evaluation, provided to the Appeals Council after the ALJ issued the decision, substantial evidence supports the ALJ's analysis. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (approving evaluation of new evidence before the Appeals Council as part of the administrative record under review). The Appeals Council found that the opinion "does not relate to the period at issue" and "does not affect the decision about whether [Vazquez was] disabled beginning on or before December 28, 2020." Though Dr. Ruddell notes an onset date of 2002, Vazquez concedes that the assigned date could apply only to her diagnosis of depression,

3

rather than the assessed limitations. Dr. Ruddell's evaluation includes references to Vazquez's state at the time of the evaluation rather than retrospectively, such as noting that Vazquez appeared "tearful today" and has not applied for any jobs "in the last 3 months." Moreover, Dr. Ruddell's opinion was based solely on a telephone interview with Vazquez. Elsewhere in the record, the ALJ found that Vazquez received normal mental status examinations, that Vazquez indicated that medication and treatment "work to control her symptoms," and that she is "generally able to maintain a mentally functional state."

Vazquez also argues that the ALJ erred by failing to consider the lay testimony of her partner because he lacked qualification as a medical source. The government contends that, under the 2017 regulations, the ALJ does not need to analyze nonmedical evidence. We need not address this disagreement because a failure to address lay testimony may be deemed harmless where, as here, it is "inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162 (citation omitted). If lay testimony is "similar to [the claimant's] own subjective complaints," and the ALJ has "provided clear and convincing reasons for rejecting" the claimant's testimony, "it follows that the ALJ also gave germane reasons for rejecting" the layperson's testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because "the lay testimony described the same limitations as [Vazquez's] own testimony, and the ALJ's reasons for

4

rejecting [Vazquez's] testimony apply with equal force to the lay testimony," the ALJ did not commit harmful error. *Molina*, 674 F.3d at 1122.

**AFFIRMED.**