**NOT FOR PUBLICATION**

**FILED**

NOV 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSANNA MONTEJO, | No.    22-55967 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-00495-PD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patricia A. Donahue, Magistrate Judge, Presiding

Submitted November 14, 2023**
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Claimant Rosanna Montejo appeals from the district court's ruling affirming the Commissioner of Social Security's denial of her application for benefits. We review the district court's order de novo and reverse only if the Administrative Law

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

**1. *Carpal Tunnel Syndrome***. Montejo argues that, because the ALJ did not address carpal tunnel at step two, substantial evidence does not support his decision. At step two, the ALJ considers whether the claimant's impairment or combination of impairments is "severe," 20 C.F.R. § 404.1520(a)(ii), such that it significantly limits her "physical or mental ability to do basic work activities." *Id.* § 404.1522(a). Montejo bears the burden of proof at step two. *See Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (the claimant bears the burden of proof at steps one through four). We conclude that Montejo did not satisfy her burden because the medical evidence does not support that her Carpal Tunnel Syndrome causes her any significant impairment. *See Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164–65 (9th Cir. 2008) (the ALJ did not err at step two by failing to classify carpal tunnel as a severe impairment where the medical record did not establish work-related limitations from this impairment); *see also Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984)) (In challenges to "an ALJ's alleged failure to address evidence, we have repeatedly held that an ALJ 'need not discuss *all* evidence presented to her.'").

Moreover, even if the ALJ did err by not discussing Carpal Tunnel Syndrome,

2

the error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1502(a) (2017); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (the burden to show harmful error is on "the party attacking the agency's determination"). The ALJ stated that he had considered all of Montejo's impairments, even those not deemed severe, when assessing Montejo's residual functional capacity (RFC), and he assessed a more restrictive level of functional capacity than the state agency consultants who listed carpal tunnel as a secondary severe impairment considered in the assessment.

2. ***Henry R. Tseng's later-produced opinion.*** Montejo next claims that the "ALJ committed legal error by" not considering treating podiatrist Dr. Tseng's later-produced medical source opinion, which Montejo submitted for the first time to the Appeals Council. We consider post-hearing evidence "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1163 (9th Cir. 2012); *see also Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (a reviewing court considers a post-hearing medical opinion as part of the court's "overall review" of the ALJ's decision regardless of whether the Appeals Council itself considered the opinion). The ALJ's RFC already considered the limitations in Dr. Tseng's November 2020 assessment. And to the extent that Dr. Tseng's assessment is more limiting than the ALJ's RFC finding, it is like other medical assessments that the ALJ considered and

found not fully persuasive. Accordingly, we conclude that the post-hearing evidence does not warrant remand because, even considering Dr. Tseng's medical assessment, substantial evidence supports the ALJ's opinion. *See Brewes*, 682 F.3d at 1162.

3. ***Step-four finding.*** Montejo argues that the ALJ's RFC determination conflicts with the ALJ's finding that Montejo can perform her past work as a claim's examiner. Specifically, she asserts that she lacks the ability to do her past work as actually performed or as generally performed in the national economy. At step four, the ALJ considers whether the claimant has the RFC to perform her past work. 20 C.F.R. § 404.1520(e).[1] Montejo bears the burden of showing that she cannot perform her past work. *See Ford*, 950 F.3d at 1148. We affirm the Commissioner's step-four finding for two reasons. First, Montejo's briefing misstate the ALJ's RFC findings. Second, substantial evidence supports the ALJ's determination that Montejo can perform her past relevant work.

Based on the vocational expert's testimony identifying the sedentary occupation of a claims clerk, the ALJ concluded that Montejo could perform her past relevant work as a claim examiner as actually performed and as generally performed because her RFC allows her to do sedentary work. Contrary to Montejo's assertion,

---

[1]Montejo incorrectly identifies this as step five and argues that the ALJ failed to meet his burden of proof. However, the analysis of whether a claimant can perform her past relevant work, which is the substance of Montejo's argument, relates to step four.

the RFC's limitations are consistent with the ability to perform sedentary work. *See* 20 C.F.R. § 404.1567(a). Accordingly, we conclude that substantial evidence supports the ALJ's finding at step four that Montejo could perform her past work as a claim's clerk. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

**4. *Credibility determination.*** Finally, Montejo asserts that the ALJ's reasons for discounting her testimony are not supported by substantial evidence. Absent proof of malingering, an ALJ may reject a claimant's credibility by identifying "specific, clear and convincing reasons" supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted). The ALJ must identify the claimant's testimony that he finds not credible and "explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citation omitted). Here, instead of merely reciting the medical evidence, the ALJ clearly identified Montejo's testimony that he found not credible and the evidence that contradicted that testimony. *See id.* Accordingly, we conclude that the ALJ provided the required "specific, clear and convincing reasons" supported by substantial evidence to discredit Montejo's symptom testimony. *See Trevizo*, 871 F.3d at 678.

**AFFIRMED.**