**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD SNYDER, | No. 23-3674 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05341-BAT |
| v. | |
| CAROLYN W. COLVIN*, Acting Commissioner of Social Security, | MEMORANDUM** |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 3, 2024***
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

---

\* Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Claimant Chad Snyder appeals the district court's decision affirming the Commissioner of Social Security's denial of his applications for supplemental security income and disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's judgment upholding the denial of social security benefits and will set aside the decision of an administrative law judge (ALJ) to deny benefits only if it "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tomasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

1. Snyder first argues that the ALJ erred in evaluating the medical opinions of Dr. Mark Magdaleno, Dr. Gordon Hale, Dr. Jonathan Ritson, and Dr. Xandra Rarden. The governing regulations, *see* 20 C.F.R. § 416.920c(a)–(b), required the ALJ to assess the persuasiveness of each medical opinion and explain how he considered the consistency and supportability factors. The ALJ sufficiently explained his analysis as to all four physicians, and substantial evidence supports each of his conclusions.

The ALJ reasonably found persuasive the medical opinions of state agency medical consultants, Dr. Mark Magdaleno and Dr. Gordon Hale, both of whom opined that Snyder would be able to return to light work within one year of his alleged onset date. The ALJ found that both opinions were consistent with Snyder's treatment history and supported by the physicians' review of the record.

2

Contrary to Snyder's arguments, his complications in recovering from revision pelvis surgery in February 2020 do not undermine the ALJ's consistency findings. As the ALJ explained, Snyder regained the ability to walk "just fine" within one year of the alleged onset date, and his symptoms generally improved with conservative treatment and physical therapy.

The ALJ reasonably discounted the opinion of Dr. Ritson, who stated that Snyder was intolerant to prolonged standing and lifting. The ALJ found that Dr. Ritson's assessment was inconsistent with Snyder's self-reported ability to stand for an hour at a time or his significant improvement in functioning after recovering from his revision pelvis surgery. The ALJ also determined that Dr. Ritson's opinion was not entirely supported by his physical examination of Snyder, during which he observed Snyder's normal strength, balance, and gait. Although the record could be interpreted more favorably to Snyder, the ALJ is ultimately "responsible for determining credibility, resolving conflicts in medical testimony, and [] resolving ambiguities." *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Because the ALJ's interpretation of the record was rational, we must defer to it.

The ALJ also reasonably discounted the letters of Dr. Rarden, who opined that Snyder could only stand for an hour before needing to rest. Because Snyder fails to argue "with any specificity" that the ALJ erred in assessing Dr. Rarden's

opinion, he has forfeited this challenge. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Even if Snyder had preserved his challenge, substantial evidence would still support the ALJ's assessment. The ALJ explained that Dr. Rarden's opinion was not based on objective medical evidence but relied on Snyder's self-reported symptoms, which were inconsistent with his actual functioning and daily activities. *See* 20 C.F.R. § 404.1520c(c)(1) (medical opinion is "more persuasive" if supported by "relevant . . . objective medical evidence and . . . explanations").

2. Snyder then argues that the ALJ erred by discounting his subjective symptom testimony. The ALJ was required to provide "specific, clear and convincing reasons" for rejecting Snyder's testimony about the severity of his symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ did so.

The ALJ first explained that Snyder's alleged inability to stand or walk for long periods was inconsistent with his significant improvement in functioning. The ALJ cited the following as evidence of Snyder's improvement: (1) by November 2019, Snyder was able to walk a mile and travel to Arizona to attend a NASCAR race; (2) by May 2020, Snyder had recovered from his revision pelvis surgery and could walk independently and without pain; and (3) by May 2021, Snyder was only taking Tylenol once per week to manage his pain. The ALJ then explained

4

that Snyder's testimony was inconsistent with his activities. For example, despite alleging that he no longer fished because of mobility issues, Snyder's medical records indicated that he continued to fish; he once reported standing the whole day while fishing. The ALJ also pointed out that although Snyder testified that he used a walker to ambulate in 2020, his treatment records stated that he was not using an assistive device after his May 2020 discharge and was even able to go on a five-hour hike in November 2020. By August 2021, Snyder was lifting heavy weights and developed a hernia due to "heavy lifting/ab exercises."

Because the record reasonably supports the ALJ's findings, *see Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024), substantial evidence supports the ALJ's assessment of Snyder's subjective symptom testimony. For these same reasons, the ALJ did not err in determining Snyder's residual functional capacity (RFC) assessment or in applying this assessment at step five of the sequential evaluation process.

3. Finally, Snyder argues that the new evidence he submitted for the first time to the Appeals Council undermines the ALJ's decision. We consider post-hearing evidence "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence." *Brewes v. Comm'r, Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Dr. Rarden's updated opinion that Snyder could only sit or stand for an hour at a time does not undercut the

5

ALJ's conclusion that Dr. Rarden's original opinion was unsupported by objective medical evidence and inconsistent with Snyder's functioning and activities. Similarly, the lay witness statement of Snyder's girlfriend, Tea Faulconer, who corroborated Snyder's alleged physical limitations, does not invalidate the ALJ's reasons for discounting Snyder's subjective symptom testimony. Substantial evidence supports the ALJ's conclusion that Snyder was not disabled at step five.

**AFFIRMED.**