NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY JOANN MAY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 24-2568 <br><br> D.C. No. 6:23-cv-00200-HZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 31, 2025[**]
Portland, Oregon

Before: LEE and FORREST, Circuit Judges, and BENCIVENGO, District Judge.[***]

Kimberly May appeals the district court's decision affirming the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

administrative law judge's (ALJ) denial of her application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

"We 'review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022) (citation omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

1.      May first argues that the ALJ erred by including no limitation on how long she can stand at one time even though she testified that she must sit for five minutes every hour and can only stand for about 45 minutes to an hour before needing to take a break. "[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

As a preliminary matter, there is no evidence that the ALJ specifically rejected May's testimony about her ability to stand. While the ALJ broadly concluded that May's symptom testimony was "not entirely consistent with" evidence in the record,

the ALJ noted that May found it "difficult . . . to remain on her feet for prolonged periods," addressed her "struggle to sustain work requiring prolonged physical activity," and accounted for her "lumbar tenderness" in assessing her residual functional capacity. Furthermore, the ALJ's finding that May could perform "light work," which "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983), is consistent with May's stated limitations.

Nonetheless, to the extent that May alleges that the ALJ rejected her symptom testimony, the ALJ provided "specific, clear, and convincing reasons" for doing so. *See Ahearn*, 988 F.3d at 1116. Regarding May's ability to work regularly, the ALJ noted that May "acknowledged she was able to work 30 hours a week despite her combination of impairments," which contradicted her testimony that "she could not work on a regular basis." The ALJ also stated that the evidence contradicted May's testimony about her mood, noting that while May "denied any issues getting along with authority figures . . . , [h]er recent firing for insubordination . . . [was] difficult to reconcile with these assertions." As to May's concentration, the ALJ similarly noted that treatment notes and evidence from reviewing psychologists contradicted May's assertion that "she could sustain attention only 15 minutes at a time." Accordingly, substantial evidence supports the ALJ's conclusion that May's symptom testimony was "not entirely consistent with the medical evidence and other

3                                                                    24-2568

evidence in the record." The ALJ therefore did not improperly reject May's testimony.

2.  May also argues that the ALJ erred by failing to consider her late-submitted questionnaire response from Maryam Gonzalez, a physical therapist. Where, as here, a party submits evidence less than five business days before the scheduled hearing date, the ALJ "may decline to consider or obtain the evidence" unless an exception applies. 20 C.F.R. § 416.1435(a). Under one exception, the ALJ will accept the evidence if an "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [her] from informing [the Administration] about or submitting the evidence earlier," including when the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." *Id.* § 416.1435(b).

Here, May argues that this exception applies because she "actively and diligently sought" Gonzalez's opinion. However, May had been in physical therapy on-and-off since 2019. Thus, at the time she sought Gonzalez's opinion in February 2022, she was merely *resuming* physical therapy. May acknowledges that she could have sought an opinion from a different physical therapist months before her hearing date. And while May argues that an earlier opinion could not have addressed the reasons that she *returned* to physical therapy, the Gonzalez questionnaire does not appear to offer any information about why May was returning to physical therapy.

4                                                   24-2568

Because May could have sought evidence from a physical therapist well before her scheduled hearing date, she has not established that she "actively and diligently sought evidence" about her disability, nor has she demonstrated any other "unusual, unexpected, or unavoidable circumstance beyond [her] control" that would have required the ALJ to consider the late-submitted Gonzalez questionnaire. *See id.* § 416.1435(b)(3). The ALJ therefore did not err by failing to consider this evidence.

Moreover, while we must consider May's late-submitted evidence in determining whether substantial evidence supports the ALJ's decision, *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012), May fails to argue or otherwise demonstrate how this evidence undermines the ALJ's findings. Thus, even considering this evidence, substantial evidence supports the ALJ's denial of supplemental security income.

**AFFIRMED.**