**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA A. PORTEOUS, | No.  19-35550 |
| Plaintiff-Appellant, | D.C. No. 9:18-cv-00125-JCL |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted March 4, 2021**
San Francisco, California

Before:  BALDOCK,*** WARDLAW, and BERZON, Circuit Judges.

Debra Porteous appeals the district court's order upholding the Social

Security Administration's denial of disability benefits.  We reverse and remand for

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

further proceedings.

1. Substantial evidence supports the ALJ's conclusion that Porteous does not suffer from any listed impairment. To meet the listing criteria for arthritis, a claimant must demonstrate either an "inability to ambulate effectively" or an "inability to perform fine and gross movements effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09(A). Although Porteous uses a cane, she does not assert that she is unable to walk without the use of a device that limits both upper extremities, as required by the relevant regulations. *See id.* § 1.00(B)(2)(b)(1). She also testified that she is able to go up and down at least some of the steps in her home and to accompany her husband on some errands. Given these activities, her condition falls outside the regulatory definition of ineffective ambulation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2).

Likewise, substantial evidence supports the ALJ's finding that Porteous's upper-extremity limitations do not meet the listing criteria. The inability to perform fine and gross movements effectively is defined as "an extreme loss of function of both upper extremities . . . that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id.* § 1.00(B)(2)(c). Porteous testified that she is able to make coffee and simple meals, care for her personal hygiene, feed her cats, and grip her cane. These activities are not consistent with the degree of limitation identified in the regulations. *See id.*

2

The ALJ's determination that Porteous's arthritis does not meet the requirements of a Listed Impairment is therefore supported by substantial evidence.

2. The ALJ erred in discounting Porteous's subjective testimony regarding the severity of her symptoms. In determining a claimant's residual functional capacity (RFC), an ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). If she has, and there is no evidence of malingering, then the ALJ may reject a claimant's subjective testimony regarding her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Garrison*, 758 F.3d at 1015). As the ALJ found that Porteous's symptoms could reasonably arise from her "medically determinable impairments" and there is no evidence of malingering, Porteous's subjective testimony may only be properly discounted for "specific, clear and convincing reasons." *Id.*

The reasons the ALJ pointed to for rejecting Porteous's subjective testimony are not clear and convincing. First, the ALJ noted that Porteous "was in no acute distress" during examinations, despite reporting in her hearing that she experiences "excruciating pain." But the record does contain evidence of several instances of Porteous contacting her doctors in acute pain and notes "intermittent flares" of

3

joint pain. Even assuming that Porteous's doctors did not observe her in acute distress during examinations, the lacuna in the medical record does not contradict her assertion that she experiences episodes of extreme pain. And, where the underlying impairment could cause the pain reported, an absence of supporting medical evidence regarding the level of pain experienced, on its own, "cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)—some other evidence is called for to support a lack of credibility finding.

Here, the ALJ's other reasons for rejecting Porteous's testimony also fail. The ALJ noted as a second reason for discounting Porteous's testimony that "throughout the record" Porteous reported "good management of her pain symptoms." But multiple doctors noted that Porteous's pain-management regimen was either insufficient to manage her chronic pain, or was apparently effective but caused severe side effects. And Porteous's more recent medical records note "poorer" and worsening pain control. The ALJ's assertion that Porteous's pain is well-managed is therefore not supported by substantial evidence and does not provide a clear and convincing reason for discounting Porteous's subjective testimony.

Third, the ALJ noted that, "inconsistent with her reports of severe pain," Porteous failed to provide any documentation of her pain for dates after October

4

2015. Porteous has since supplemented the record with records of worsening pain management after October 2015 and of "excruciating" pain, as well as with documentation of her severe anxiety and accompanying panic attacks. We consider both the record before the ALJ and any additional material submitted to the Appeals Council to determine whether, "in light of the record as a whole, the ALJ's decision was supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). In light of the supplemented record, we hold that the ALJ has not presented clear and convincing reasons for discounting Porteous's testimony regarding the severity of her pain symptoms, and that her determination is therefore not supported by substantial evidence.

A vocational expert testified that there were no jobs in the national economy for an individual with Porteous's work history, age, and educational background, who would "be off-task 20% of an 8-hour work week." Porteous testified that she has "problems sitting for too long" and that she requires frequent breaks. As neither Porteous's testimony nor the medical record specifies the frequency and duration of Porteous's required breaks, the record is not sufficiently developed for us to hold that, "taking the claimant's testimony as true, the ALJ would clearly be required to award benefits." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007). We therefore remand for further proceedings with instructions that the ALJ credit Porteous's subjective testimony.

5

3. The ALJ did not err in relying on the opinion of a single reviewing physician. The medical record submitted by Porteous does not contain any medical opinions from treating physicians "reflect[ing] judgments about the nature and severity of [her] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The ALJ therefore did not err in failing to incorporate any such opinions into her RFC determination.

**REVERSED** and **REMANDED**.