**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KORTNEY MCGEE,

          Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

          Defendant - Appellee.

No. 12-35721

D.C. No. 4:11-cv-00063-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 3, 2014
Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

     Kortney McGee appeals from the district court's order granting summary

judgment to the Commissioner of the Social Security Administration on review of

an Administrative Law Judge's (ALJ) decision denying disability benefits. McGee

appeals the ALJ's findings and conclusions at steps three and five of the five-step

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sequential evaluation for disability determinations. Exercising de novo review of the district court's order, *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), we affirm in part, reverse in part, and remand to the district court with instructions to remand to the Social Security Administration to conduct further proceedings at step five.

At step three, the ALJ's determination that McGee did not meet the regulatory listings for cerebral palsy was supported by substantial evidence.[1] McGee acknowledges that, in order to meet the listings at step three for children and adults, she had the burden of showing "persistent disorganization of motor function" involving two extremities. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 11.04(B), 11.07, 111.06–07. Contrary to McGee's suggestion, the ALJ did not improperly reject the opinions of her treating or examining physicians. Disorganization of motor function "depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." *Id.* § 11.00(C). Assuming that McGee could establish persistent disorganization of her right upper extremity, substantial evidence would still support the ALJ's finding

---

[1]    McGee does not appear to appeal the ALJ's findings that she also did not medically equal or functionally equal a listed impairment. Even if she had, we would uphold the entirety of the ALJ's determination at step three as supported by substantial evidence.

that she did not have such a disorganization of another extremity. Among other things, the record of McGee's physical activities and abilities supports the ALJ's conclusion.

At step five, "an ALJ is required to seek the assistance of a vocational expert when [a claimant's] non-exertional limitations are at a sufficient level of severity such as to make the [medical-vocational guidelines] inapplicable to the particular case." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). Here, the ALJ reasonably concluded that some of McGee's testimony regarding the extent of her symptoms was not fully credible. But the ALJ's broad finding that McGee did not have *any* significant non-exertional limitations is not supported by substantial evidence and "specific, clear and convincing reasons." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). We reverse the district court's order granting summary judgment on this ground, for several reasons.

First, the fact that McGee's symptoms of urinary incontinence "improved" with the medication Vesicare does not demonstrate that the symptoms disappeared. The record does not show that McGee's urinary issues were fully controlled, such that she might not have the limitation of needing ready access to a restroom at work. Second, while the record supports a finding that McGee can function well with her right upper extremity, it does not support the broader conclusion that

3

McGee has no significant limitations with her right hand and arm. In addition, the medical record contradicts the ALJ's statement that there was an absence of "upper extremity complaints or findings on examination subsequent to December 2007 when she was found 'extremely functional' with the use of her right upper extremity." For example, a December 2008 medical progress record noted that McGee complained of "pain in her right wrist and hand," and a March 2009 medical record indicated that she had "some right upper extremity weakness." Therefore, the ALJ did not provide a specific, clear and convincing reason why McGee could perform "a full range of 'medium' work," including work that might involve extensive gripping, pulling and pushing, or fine movements with both hands and arms. Finally, the ALJ found that McGee "can walk and/or stand for 1 hour before needing to sit" and concluded that she did not have significant walking or standing limitations. But the ALJ did not explain why the inability to walk or stand for more than an hour at a time is not itself a significant non-exertional limitation. *See Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (claimant's need to shift positions every half hour was signficant non-exertional limitation).

At the administrative hearing, McGee's counsel posed a hypothetical question to the vocational expert that incorporated some of McGee's non-exertional limitations. Unfortunately, the transcript of the expert's answer is

4

inaudible and not subject to judicial review. Therefore, we reverse the district court's order granting summary judgment and remand to the district court with instructions to remand to the Social Security Administration to make additional step-five findings, incorporating McGee's non-exertional limitations. Substantial evidence supports the finding that McGee is capable of a medium range of exertion, subject to non-exertional limitations, and substantial evidence supports the finding that McGee does not have other significant non-exertional limitations besides those reflected in the limitations described above (length of time standing/walking, modest limitations with the right upper extremity, and urinary issues).

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**

Each party shall bear its own costs on appeal.