NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KORTNEY MCGEE, | No. 20-36074 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00043-TJC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted December 8, 2021[**]
Seattle, Washington

Before: McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

Kortney McGee appeals the district court's order affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Administrative Law Judge's (ALJ) decision denying McGee's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of Social Security benefits, and we must independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

1.      McGee first argues that the ALJ failed to comply with our previous instructions and the district court's previous instructions on remand. We previously instructed the ALJ to "make additional step-five findings, incorporating McGee's non-exertional limitations," such as whether McGee would require ready access to a restroom for her symptoms of urinary incontinence. *McGee v. Colvin*, 556 F. App'x 616, 618 (9th Cir. 2014). In a subsequent appeal, the district court instructed the ALJ to "more clearly delineate [McGee's] requirements with respect to restroom access, especially including whether she requires ready access to a restroom, which the [district court] interpret[ed] as immediate access without regard to any routine, scheduled breaks." *McGee v. Berryhill*, No. CV 16-39-

BLG-TJC, 2018 WL 1378750, at *16 (D. Mont. Mar. 19, 2018). The ALJ incorporated McGee's non-exertional limitations concerning ready access to a restroom into her residual functional capacity (RFC) by finding that McGee "would need ready access to a restroom and a restroom break of 3–4 minutes every hour and a half." This limitation is supported by McGee's testimony concerning her estimation of how frequently she would need a restroom break. The ALJ delineated McGee's restroom access requirements and clarified that the scheduled restroom breaks were in addition to normal and mid-shift breaks. The ALJ thus complied with our and the district court's remand instructions.

2. McGee also argues that the ALJ did not offer specific, clear, and convincing reasons for discounting her testimony that she required a restroom break every 60–90 minutes and instead only providing for a restroom break every 90 minutes. Although an ALJ is "responsible for determining the credibility of a claimant, an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons. In addition, the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted). The ALJ did not improperly discount McGee's testimony. The ALJ acknowledged McGee's testimony on several occasions and accounted for this testimony in the RFC, which imposed a limitation of a restroom break every 90

3

minutes and was within the range of McGee's estimation. "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996); *see also* 20 C.F.R. § 416.945(a)(1) ("Your [RFC] is the most you can still do despite your limitations."). Accordingly, the ALJ accepted McGee's testimony that she required a restroom break every 60-90 minutes and determined that the most she could do despite her limitations was 90 minutes, which was "within the range of what she estimated for bathroom needs." The ALJ therefore did not err in imposing a restriction of a restroom break every 90 minutes.

3.      Last, McGee argues that, because the ALJ failed to incorporate her non-exertional functional limitations, the ALJ proposed erroneous hypothetical questions to the vocational expert (VE). As explained above, the ALJ did not fail to incorporate McGee's non-exertional functional limitations. McGee also argues that, although the ALJ proposed a hypothetical to the VE about permitting 30-minute breaks to change clothing, the ALJ did not include this limitation in the RFC. An ALJ need only include limitations that are supported by the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). McGee only cites her testimony that she could require 30-minute breaks to change clothes and clean up after accidents, but she does not dispute or otherwise contest the ALJ's findings that this testimony was generally unsupported by the record. The ALJ thus did not

4

err in not including this limitation in the RFC.

**AFFIRMED.**