**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 6 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES D. COBLE,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   21-35371

D.C. No. 3:20-cv-05323-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted March 7, 2022
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,** District Judge.

Plaintiff James D. Coble timely appeals the district court's judgment

affirming the Commissioner of Social Security's denial of disability benefits. We

review de novo the district court's order and "will disturb the denial of benefits

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**   The Honorable Christina Reiss, United States District Judge for the
District of Vermont, sitting by designation.

only if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

1. Substantial evidence supports the administrative law judge's ("ALJ") rejection of the opinions of a psychologist and a mental health therapist in favor of the opinions of two psychologists and a physician. Because Coble filed his claim after March 27, 2017, the Commissioner's revised regulation for evaluating medical opinions governs. *See* 20 C.F.R. § 416.920c; *see also Woods v. Kijakazi*, No. 21-35458, 2022 WL 1195334, at *3–4 (9th Cir. Apr. 22, 2022) (holding that the regulation displaces our earlier guidance on how an ALJ must assess medical opinions).[1] The ALJ applied the correct legal standard under 20 C.F.R. § 416.920c, explained how persuasive he found each medical opinion based on its supportability and consistency with the record, and made "inferences reasonably drawn from the record[.]" *Tommasetti*, 533 F.3d at 1038 (quoting *Batson v.*

---

[1] Coble challenges whether the revised regulation complies with the Administrative Procedure Act, but he forfeited this argument by raising it for the first time in his reply brief. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (internal quotation marks omitted)); *see also Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (noting that "we ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief" (citing *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998))).

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004)).

2. Substantial evidence supports the ALJ's discounting of Coble's testimony regarding the intensity, persistence, and limiting effects of his symptoms, and the ALJ gave "specific, clear and convincing reasons" for rejecting the testimony. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (internal quotation marks omitted). For example, although Coble testified that his asthma was triggered by general physical activity and pulmonary irritants and was not well controlled by medication, the ALJ found that medical evidence undermined Coble's claims of disabling limitations. In 2016, Coble told a treating provider he had not had an asthma attack since 2007 or 2008. Spirometry testing showed only "[m]ild airway obstruction[,]" and chest and lung examinations were largely normal throughout the relevant period. Even after his exposure to fire smoke in 2018 caused increased symptoms, Coble's asthma remained "[s]table" and his symptoms were "relieved by use of an inhaler[.]"

Similarly, Coble testified that he is unable to leave home for lengthy time periods or interact with others, has poor concentration and memory, and experiences regular and debilitating anxiety attacks. The ALJ permissibly found that Coble's activities, including going to a food festival, performing music in a coffee shop, reconnecting with friends, and frequently going out in public, were inconsistent with his claims of debilitating psychological symptoms. *See Ghanim*

*v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). The ALJ further found that Coble's significant improvement with treatment was incongruous with his testimony. The ALJ thoroughly and accurately described Coble's "symptoms, course of treatment, and bouts of remission, and thereby chart[ed] a course of improvement[.]" *Garrison*, 759 F.3d at 1018.

3. Substantial evidence supports the Appeals Council's denial of review despite Coble's submission of an April 2019 medical opinion from Dr. Terilee Wingate. To the extent Dr. Wingate's opinion is based on a new examination of Coble, it postdates the ALJ's decision and does not "relate[] to the period on or before the ALJ's decision." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (citing 20 C.F.R. § 404.970(b)). The April 2019 opinion is also substantially similar to Dr. Wingate's 2016 opinion, which was considered by the ALJ, rendering the later opinion cumulative. *See* 20 C.F.R. § 404.970(a)(5) (providing for remand in light of new evidence only if there is "a reasonable probability that the additional evidence would change the outcome of the decision").

**AFFIRMED.**

4