NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEBASTIAN CLEMENTE, | No. 21-16047 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01197-JJT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted May 13, 2022**
San Francisco, California

Before: W. FLETCHER and KOH, Circuit Judges, and KANE,*** District Judge.

Sebastian Clemente appeals the district court's affirmance of the final

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

decision of the Commissioner of the Social Security Administration, which denied

Clemente's application for Social Security and Supplemental Security Income

under the Social Security Act. Specifically, Clemente argues that there are five

reversible errors. We have jurisdiction under 28 U.S.C. § 1291. We review the

district court's decision de novo. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th

Cir. 2021). We will reverse only if the decision of the administrative law judge

("ALJ") was not supported by substantial evidence, or if the ALJ applied the

wrong legal standard. *Id.* For the following reasons, we affirm.

1.       First, Clemente challenges the "little" weight the ALJ assigned to Dr.

Bisla's September 15, 2016 opinion that Clemente's "limitations can only be

accounted for by being off task."[1] Generally, a treating physician's opinion like Dr.

Bisla's is entitled to substantial weight. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir.

2020). However, an ALJ may assign a lesser weight to, or discount, that opinion if

it is contradicted by another doctor and if the ALJ can provide "'specific and

legitimate reasons' that are supported by substantial evidence in the record." *Id.*

(quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Otherwise, the ALJ

must provide "clear and convincing" reasons to discount the weight of an

---

[1] Because Clemente challenges no other medical opinion on appeal, we do not address the ALJ's findings regarding Dr. Bisla's other opinions or the opinions of six other doctors. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

uncontradicted treating physician's opinion. *Lester*, 81 F.3d at 830.

Because Dr. Bisla's challenged opinion was contradicted by other medical opinions, the ALJ need only provide specific and legitimate reasons supported by substantial evidence. *Ford*, 950 F.3d at 1154. The ALJ provided such a reason by explaining that Dr. Bisla's challenged opinion was inconsistent with the medical evidence. *See id*. This conclusion was supported by substantial evidence, including the treatment notes of Clemente's treating physicians, Dr. Bode[2] and Dr. Bisla.

The ALJ's interpretation of Dr. Bisla's challenged opinion was also reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (substantial evidence standard). Dr. Bisla's challenged opinion explicitly opined on how often Clemente's limitations would cause Clemente to be distracted from a job activity. The ALJ's assessment that Dr. Bisla opined that Clemente's limitations would cause Clemente to be off task, or distracted, was thus reasonable.

2.  Second, Clemente argues that the ALJ erred in weighing Clemente's testimony. An ALJ can "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).

---

[2] Contrary to Clemente's suggestion, treating physicians can observe and report psychiatric conditions based on clinical observations. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

The ALJ offered clear and convincing reasons for rejecting Clemente's testimony.[3] Specifically, the ALJ found that many of Clemente's physical and mental symptoms were well managed or improved when Clemente was taking medication. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . . ."). The ALJ also found that Clemente's mental impairments were not work preclusive because Clemente was able to interact with others on a limited basis and had normal memory, impulse control, behavior and mood. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

3. Third, Clemente argues that the ALJ improperly discounted the lay witness testimony of Clemente's mother and son. An ALJ may disregard lay witness testimony so long as she provides a germane reason. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ provided germane reasons because the testimony of Clemente's mother and son describes similar limitations as Clemente's own testimony which the ALJ discounted by providing clear and convincing reasons. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d

---

[3] Because the ALJ provided other clear and convincing reasons to discount Clemente's testimony, any error in relying on Clemente's daily activity levels or recommended treatment was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012), *superseded by regulation on other grounds*.

685, 694 (9th Cir. 2009).

4.      Fourth, Clemente argues that the ALJ erred in posing hypothetical questions to the vocational expert because the ALJ did not include all relevant limitations. However, the ALJ made no such error because the hypothetical "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

5.      Lastly, considering the entire record, we hold that Clemente's post-hearing evidence, a new opinion by Dr. Bisla, does not undermine the ALJ's determination. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1160 (9th Cir. 2012). Dr. Bisla did not review or address the numerous other unchallenged medical opinions on which the ALJ relied. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). At best, Dr. Bisla's new opinion provides an alternate interpretation of some of the medical evidence which is insufficient on substantial evidence review. *See Ford*, 950 F.3d at 1156.

**AFFIRMED.**