NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK LOUIS MAIORINO,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant-Appellee. | No.   19-55599<br><br>D.C. No. 2:17-cv-07388-SP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Argued and Submitted May 20, 2022
Pasadena, California

Before:  MILLER and COLLINS, Circuit Judges, and KORMAN,** District Judge.

Mark Louis Maiorino appeals from the district court's decision affirming the

Commissioner of Social Security's denial of his applications for disability

insurance benefits under Title II and Title XVI of the Social Security Act. We have

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo, and we must affirm the decision of the administrative law judge (ALJ) if it is supported by substantial evidence and based on the correct legal standards. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We will uphold the ALJ's findings even if the evidence is "susceptible to more than one rational interpretation." *Id.* (citation omitted).

Substantial evidence supports the ALJ's determination at step two that Maiorino's mental impairments were not severe because the record contained little objective evidence of severe impairments. And even if the ALJ erred at step two, any error was harmless because the ALJ went on to consider all asserted mental impairments in formulating Maiorino's residual functional capacity. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Substantial evidence also supports the ALJ's decision to discount the opinion of Maiorino's internist, Dr. Michel Yadegari, who opined that Maiorino suffered several "marked" mental limitations. To be sure, the ALJ erred in describing Dr. Yadegari's treatment of Maiorino, stating that "there is no evidence the claimant has ever received any regular ongoing treatment from Dr. Yadegari (other than the two visits in January 2016 for low back pain), or any mental health care whatsoever from this physician." As the Commissioner acknowledges, that statement was incorrect. But the ALJ also found Dr. Yadegari's assessment was

2

"completely disproportionate to the actual treatment notes." That is an appropriate basis for rejecting a treating physician's opinion, *see Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), and it is supported by the record. For example, on January 5, 2016—the same day on which Dr. Yadegari completed the form assessing Maiorino as having "marked" limitations—Maiorino saw Dr. Yadegari for back and shoulder pain. The physician's notes make no reference to providing any mental health services during that appointment, although the "brief follow-up medication support service" form indicates that Maiorino is "stable," his "anxiety is controlled," and he is "sleeping well." The ALJ also found that Dr. Yadegari's opinion was inconsistent with the opinions of state agency physicians and the overall record, which showed that Maiorino's depression following bypass surgery was controlled. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Maiorino argues that the ALJ erred in discounting his symptom testimony. Maiorino forfeited that argument because he did not raise it in the district court. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). In any event, substantial evidence supports the ALJ's conclusion that Maiorino's "allegations of severe fatigue and other physical limitations are inconsistent with the medical evidence."

Finally, Maiorino argues that the district court should have considered new evidence that he presented to the Appeals Council. That argument, too, was

3

forfeited, and it lacks merit because the new evidence pertained to a period after the ALJ's decision. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) ("[A] claimant may raise new evidence . . . before the Appeals Council, provided that the evidence is both relevant and 'relates to the period *on or before* the ALJ's decision.'" (quoting *Brewes v. Commissioner of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012)) (emphasis added)). For similar reasons, because our review is limited to the record before the ALJ, we deny the motion to supplement the record (Dkt. No. 26).

**AFFIRMED.**