NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG VALOIS, | No. 23-2797 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-3357-SVK |
| v. | |
| CAROLYN W. COLVIN*, Acting Commissioner of Social Security, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. van Keulen, Magistrate Judge, Presiding

Submitted December 5, 2024***
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

---

\* Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Craig Valois appeals the district court's judgment affirming the Commissioner of Social Security's denial of Valois's application for disability insurance benefits under the Social Security Act. On appeal, Valois argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") conclusion that his mental impairments are not severe. Moreover, he asserts that the ALJ improperly discredited his testimony and that new evidence further demonstrates that his mental impairments are severe. We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). We affirm.

1.     The ALJ concluded that Valois has a severe impairment of spondylosis of the cervical spine with radiculopathy but concluded that Valois's mental impairments are not severe. When evaluating mental impairments, the ALJ first evaluates "pertinent symptoms, signs, and laboratory findings to determine whether" the claimant has "a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). If so, the ALJ then "rate[s] the degree of functional

2

limitation resulting" from the impairment. *Id.* § 404.1520a(b)(2). The ALJ considers four broad functional areas: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id.* § 404.1520a(c)(3).

2. The ALJ's determination that Valois's depression, anxiety, and PTSD are not severe impairments is supported by substantial evidence. The ALJ found no limitation in understanding, remembering, and applying information because Valois "has denied memory and cognitive problems related to his mental impairments." The ALJ found mild limitations in the remaining three functional areas. The ALJ noted that Valois was able to interact with his providers and participate in volunteer work. While Valois reported "difficulty concentrating," the ALJ contrasted these statements with treatment records that showed that Valois "reported staying busy with lots of projects." The ALJ further noted, regarding Valois's ability to adapt and manage himself, that he "presents with good grooming and hygiene" and "has been able to seek out appropriate medical care."

3. The ALJ also provided specific reasons for discounting Valois's testimony. The ALJ considers "all of the available evidence" when "evaluating the intensity and persistence of [the alleged] symptoms," including whether the "pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence." 20 C.F.R. § 404.1529(a). Here, the

3

ALJ noted several reasons to discount Valois's testimony regarding the extent of his pain and symptoms. For example, Valois's providers often described his pain symptoms as "persistent but controlled," and Valois regularly engaged in exercise and was able to do minor cleaning around the house. As for his mental impairments, the ALJ noted that Valois experienced "significant symptom improvement" and suffered from only two documented panic attacks. While Valois asserts that the ALJ relied on boilerplate language, we disagree.

4. Lastly, Valois argues that he submitted new evidence—the Hutchinson report—to the Appeals Council that would have changed the ALJ's decision. Even considering the report, substantial evidence supports the ALJ's findings. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (considering new evidence when reviewing the ALJ's final decision for substantial evidence). Significantly, the report does not address whether Valois would be able to do any work other than work as a flight engineer. And while Valois argues that the report shows that his mental impairments are severe, the report may reasonably be viewed as largely corroborating the evidence considered by the ALJ.

**AFFIRMED**.

4